IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **JARED MARGULIS**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**LENDING FORCE, LLC and MARVIN YALDO,**<br><br>Defendants.<br>_______________________________________/ | Case No. ____________________<br><br>**COMPLAINT – CLASS ACTION** |

1. The Plaintiff, Jared Margulis, hereby sues Lending Force, LLC ("Lending Force") and Marvin Yaldo ("Yaldo") collectively ("Defendants") and alleges that Defendants made numerous unsolicited telemarketing calls without Plaintiff's express consent, that Plaintiff received those calls, and that Defendants made such calls to Plaintiff's and others' telephone numbers listed on the National Do Not Call Registry and/or Florida Do Not Call List. In addition, the Defendants continued to make such calls to Plaintiff and to other consumers who expressly requested that Defendants stop calling. Defendants' misconduct, as more fully alleged below, violated express provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The Defendants utilized technology capable of generating hundreds of calls per day to contact the Plaintiff and others. This widespread misconduct impacted a significant number of consumers across the United States and Florida in an identical manner. Consequently, the Plaintiff is filing this lawsuit on behalf of proposed nationwide classes and Florida subclasses of individuals

whose telephone numbers are listed on the DNC Registry, and/or who asked the Defendants to stop calling, and who received telemarketing or advertisement calls from the Defendants.

3. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA, Florida Statute §501.059, and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

4. Plaintiff, Jared Margulis, is an individual residing in Florida.

5. Defendant, Lending Force, LLC, is a limited liability company organized under the laws of the State of Michigan, with its principal place of business located at 50 W. Big Beaver Rd, Suite 300, Troy, Michigan 48084.

6. Defendant, Marvin Yaldo, is the Member and Chief Executive Officer of Lending Force, LLC, a resident of Michigan and, as more fully set forth below, personally authorized or participated in the commission of the statutory violations against Plaintiff and the Classes alleged herein.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the claims asserted under Florida Statute § 501.059 governing telephone solicitations pursuant to 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over Defendants because they made the offending and illegal calls into Florida and thereby targeted persons residing in Florida. Defendant Yaldo, as the Member, Chief Executive Officer, and decision-maker for Lending Force, directed, authorized and participated in the offending illegal calls that were made into Florida and which

targeted Florida residents. In addition, Defendant Lending Force conducts business throughout this District, the United States, including Florida.

9. Venue is proper under 28 U.S.C. § 1391(b) because the Defendants' calls were made to Plaintiff's (954) area code phone number, which is a telephone number geographically associated with this District.

**TCPA Background**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. Between 1991 when the TCPA was first enacted, and 2003, when automated dialing technology became widely adopted, calls made to American consumers from telemarketers increased from 18 million per day to 104 million per day.

12. According to online robocall tracking provider "YouMail," 4.1 billion robocalls were made in 2026. www.robocallindex.com (last accessed July 8, 2026).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

**The National Do Not Call Registry**

14. The National Do Not Call Registry ("DNC Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

15. A listing on the DNC Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. In 2025, the Federal Trade Commission ("FTC"), which administers the DNC Registry for telemarketing, received over 2.6 million complaints from consumers on the DNC Registry about unwanted automated calls and live person calls. Specifically, a substantial number of these complaints were related to calls soliciting mortgage, lending, and other consumer financial products and services like those offered by the Defendants. In Florida alone, which ranked second nationally in 2025 for the total number of consumer complaints, 203,009 complaints were lodged by Florida consumers on the DNC Registry in 2025. See https://public.tableau.com/app/profile/federal.trade.commission/viz/DoNotCallComplaints/Maps (last accessed July 8, 2026).

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the DNC Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

18. In addition, Florida Statute § 501.059 establishes strict prohibitions against unsolicited calls that aim to protect consumers from sales calls they do not wish to receive. The statute defines a "telephonic sales call" broadly, encompassing calls, text messages, and voicemail transmissions and prohibits the initiation of telephone solicitations to any residential, mobile, or telephonic paging device telephone subscriber who is subscribed to the Florida Do Not Call List, also known as the "no sales solicitation calls" listing, and provides for a private right of action,

injunctive relief, and per violation statutory damages to any called party "who is aggrieved by a violation of this section." Florida Statute § 501.059(10)(a)-(b).

**Factual Allegations**

19. Upon information and belief, the Defendant Lending Force offers mortgage, lending, and related financial services to consumers throughout the United States.

20. To generate leads, Defendant makes telemarketing or sales calls to consumers.

21. Some of the telemarketing calls made by the Defendants are to consumers who have never consented to receive Defendant's calls, including persons like Plaintiff, who registered their phone numbers on the National Do Not Call Registry and/or who are included in the Florida Do Not Call List.

22. In addition to making unsolicited calls, Defendant does not have an adequate opt-out system. As a result, consumers who expressly advise Defendant to stop calling are not removed from Defendant's database of numbers and thus consumers continue to receive Defendant's unwanted telemarketing calls.

23. The decision to initiate unsolicited telemarketing calls to consumers who had never given their consent—including those, like Plaintiff, whose numbers were listed on the National Do Not Call Registry and/or the Florida Do Not Call List—was not only carried out by Lending Force, LLC, but was also expressly authorized and directed by Defendant Yaldo in his capacity as Member, Chief Executive Officer, and primary decision-maker for the company. Accordingly, both Lending Force, LLC and Defendant Yaldo bear independent and direct liability for these unlawful calls.

24. Lending Force's failure to implement a legally compliant opt-out system was not accidental; rather, it was a deliberate decision directly resulting from the policies and procedures

established, or intentionally omitted, by Defendant Yaldo in his role as Member, Chief Executive Officer, and primary decision-maker for the company.

25. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

26. Plaintiff's telephone number, area code (954) and ending in 2221, is assigned to a mobile telephone service.

27. That number is used for personal purposes.

28. Plaintiff's telephone number is also registered on the National Do Not Call Registry, and has been on the DNC Registry since August 2006.

29. At all times material to this action, Plaintiff's number has also been registered on the Florida Do Not Call List.

30. Defendant Lending Force made multiple telemarketing and telephonic sales calls to Plaintiff's telephone number in June 2026. The incoming calls from Defendant Lending Force appeared on Plaintiff's phone as originating from and identified as "Lending Force." Defendant Lending Force placed unsolicited telemarketing calls to Plaintiff on June 5, 2026, and again on June 8, 2026. After receiving the second such unsolicited call from Defendant on June 8, 2026, Plaintiff spoke with a representative of Defendant and instructed that person to cease calling him. Notwithstanding Plaintiff's express instruction to stop calling, Defendants ignored Plaintiff's request and continued to place unsolicited telemarketing calls to Plaintiff.

31. Notwithstanding Plaintiff's express request to Defendant to cease calling him, the Defendant continued to call, and made at least five (5) additional unsolicited telemarketing sales calls to the Plaintiff between June 8, 2026, and June 17, 2026, including calls placed on June 16, 2026, and June 17, 2026.

32. Upon information and belief, Defendant Yaldo directly authorized and implemented Lending Force's hyper-aggressive marketing tactics that flagrantly disregarded Lending Force's duty to refrain from calling consumers on the National Do Not Call Registry and/or who are included in the Florida Do Not Call List, and further, to continue calling consumers even after they affirmatively instructed Defendant to cease calling.

33. Plaintiff's privacy has been violated by the above-described telemarketing calls.

34. The Plaintiff never provided his consent or requested these calls.

35. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

36. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of Classes of all other persons or entities similarly situated throughout the United States and/or Florida.

37. The Classes of persons Plaintiff proposes to represent are tentatively defined as:

**National Do Not Call Registry Class:** All persons in the United States who (1) received two or more telemarketing calls within any 12 month period from or on behalf of Defendants, (2) to a telephone number that was registered with the National Do Not Call Registry, and (3) received such calls during the four year period preceding the filing of this Complaint and through the date of trial.

**National Internal Do Not Call Class:** All persons in the United States who (1) received a call to their telephone number from Defendants two or more times within any 12 month period,

(2) including at least one such call after the Defendants' records reflect the person requested that Defendant stop calling, (3) during the four year period preceding the filing of this Complaint and through the date of trial.

**Florida Do Not Call List Class:** Any person (1) whose phone number is assigned to a Florida area code, and who (2) received one or more telemarketing calls to that number from or on behalf of the Defendants, (3) to a telephone number on the Florida Do Not Call List, and (4) received such call or calls during the four year period preceding the filing of this Complaint through the date of trial.

**Florida Internal Do Not Call List Class:** Any person: (1) whose phone number is assigned to a Florida area code, and who (2) received one or more telemarketing calls to that number from or on behalf of the Defendants, including at least one such call after the Defendant's records reflect the person requested that Defendants stop calling, (3) during the four year period preceding the filing of this Complaint and through the date of trial.

38. Excluded from the Classes defined above are: (1) any Judge or Magistrate presiding over this action; (2) Defendant Lending Force LLC, its subsidiaries, parents, current and former officers, directors, employees, successors, predecessors, and any person or entity that has a controlling interest in Defendant or Defendant's parent; (3) Plaintiff's attorneys; (4) persons who submit timely requests for exclusion from the Classes; (5) persons who have executed a release in favor of Defendant for the claims asserted herein or whose claims have been finally and fully adjudicated.

39. The Classes proposed above are defined based on objective criteria, are identifiable and can be found through phone records, phone number databases, and business and customer records of Defendants.

40. Based on the en masse nature of telemarketing, the potential members of the Classes likely number in the thousands.

41. Individual joinder of these persons is impracticable.

42. The Plaintiff is a member of the Classes.

43. There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a) whether Defendants made calls to Plaintiff and members of the Class without first obtaining consent to make the calls;

(b) whether Defendants systematically made multiple telephone calls within any 12 month period to Plaintiff and other members whose telephone numbers were registered on the National Do Not Call Registry for at least 30 days prior to each call;

(c) whether Defendants engage in its telemarketing business without having sufficient policies and procedures for maintaining an internal do not call list;

(d) whether Defendants' conduct violated the TCPA;

(e) whether the Defendants made calls to persons in Florida after being asked to cease calling;

(f) whether the Defendant Yaldo is personally liable jointly and severally by virtue of his conduct in personally authorizing or participating in the actions in violation of the TCPA and Florida Statute § 501.059;

(g) whether Defendants' conduct violated Florida Statute § 501.059, and;

(h) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

44. Plaintiff's claims are typical of the claims of members of the Classes.

45. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, Defendant has no defenses unique to Plaintiff, Plaintiff will fairly and vigorously protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including having been appointed by courts to serve as lead class counsel in TCPA and other consumer privacy class action cases.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The Defendant acted or refused to act on grounds generally applicable to the Classes, thus requiring the Court's imposition of uniform relief to ensure that Defendant engages in legal, consistent, and compatible standards of conduct towards the Classes, and making class wide injunctive relief appropriate.

47. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case compared to the relatively small amount of damages sustained by each individual.

## FIRST CAUSE OF ACTION

Telephone Consumer Protection Act
(Violation of 47 U.S.C. § 227)
(On Behalf of Plaintiff and the National Do Not Call Registry Class)

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-47 above and incorporates them by reference as though fully set forth herein.

49. Defendants violated the TCPA and the Regulations by making, or authorizing their agents to make on Defendants' behalf, two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

50. As a result of the Defendants' violations of 47 U.S.C. § 227 et seq., Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5), or $1,500 for any violation that was knowing or willful.

51. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendants from making telephone calls that advertise its products and services, except for emergency purposes, to any number on the National Do Not Call Registry.

**SECOND CAUSE OF ACTION**
(Telephone Consumer Protection Act)
(Violation of 47 U.S.C. § 227)
(On Behalf of Plaintiff and the National Internal Do Not Call Class)

52. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-47 above and incorporates them by reference as though fully set forth herein.

53. Defendants failed to institute appropriate procedures for maintaining a list of persons who request not to receive telemarketing calls.

54. 47 C.F.R. § 64.1200(d) provides in relevant part as follows: "No person or entity shall initiate any . . . call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

55. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

56. Defendants called Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons, like Plaintiff, who requested not to be called by the entity or by implementing procedures that do not meet the minimum requirements to legally permit the Defendant to make telemarketing calls. Defendant Yaldo, as the

main decision maker, authorized the marketing and calling practices that resulted in the failure to maintain compliant lists and opt-out procedures.

57. Plaintiff is a person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection. Plaintiff is therefore entitled to "bring a private action based on the violation of said regulations, which were promulgated to protect individual privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(5).

58. Defendants have violated 47 U.S.C. § 227(c)(5). Plaintiff and the other members of the National Internal Do Not Call Class are each entitled to statutory damages of $500 for each violation and up to $1,500 for each violation that was knowing or willful.

**THIRD CAUSE OF ACTION**
(Violation of Florida Statute § 501.059)
(On Behalf of Plaintiff and the Florida Do Not Call List Class)

59. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-47 above and incorporates them by reference as though fully set forth herein.

60. Florida Statute § 501.059(3)(a) provides that: "If any residential, mobile, or telephonic paging device telephone subscriber notifies the department of his or her desire to be placed on a 'no sales solicitation calls' listing indicating that the subscriber does not wish to receive unsolicited telephonic sales calls, the department shall place the subscriber on that listing."

61. Pursuant to Florida Statute § 501.059(3)(d), the FTC's establishment of a national database listing telephone numbers of subscribers who object to receiving telephone solicitations, required the Florida Department of Agriculture and Consumer Services to include those numbers from the national database that relate to Florida in the listing established under this section.

62. At all times material to the Complaint, the Florida department has maintained such a listing, known as the "no sales solicitation calls" list.

63. Florida Statute § 501.059(4) provides in part as follows: "No telephone solicitor shall make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-current quarterly listing published by the department. Any telephone solicitor or person who offers for sale any consumer information which includes residential, mobile, or telephonic paging device telephone numbers…shall screen and exclude those numbers which appear on the division's then-current 'no sales solicitation calls' list." (internal quotations original).

64. The Defendant Lending Force is a telephone solicitor as defined in § 501.059(1)(j), and made unsolicited telephonic sales calls to Plaintiff's telephone number and to the members of the Florida Do Not Call List Class.

65. At the time of the unsolicited telephone calls, and at all times relevant to this action, Plaintiff's telephone number, and the telephone numbers of the members of the Florida Do Not Call List Class, appeared in the then-quarterly listing published by the department.

66. The Defendants made or caused to be made unsolicited telephonic sales calls to Plaintiff's telephone number, and to the telephone numbers of the members of the Florida Do Not Call List Class, in violation of Florida Statute § 501.059(4).

67. Florida Statute § 501.059(10) provides as follows:

> "(a) A called party who is aggrieved by a violation of this section may bring an action to:
>
> 1. Enjoin such violation.
>
> 2. Recover actual damages or $500, whichever is greater.
>
> (b) If the court finds that the defendant willfully or knowingly violated this section or rules adopted pursuant to this section, the court may, in its discretion,

> increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a)."

68. Plaintiff and Florida Do Not Call List Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute and up to $1,500 for any violation that was knowing or willful.

69. Plaintiff and Florida Do Not Call List Class members are also entitled to and do seek injunctive relief prohibiting the Defendants from making telephone calls that advertise its products and services to any number on the Florida Do Not Call List.

70. Plaintiff and the Florida Do Not Call List Class members are also entitled to recover, and do seek to recover, their attorney's fees pursuant to § 501.059(11).

## FOURTH CAUSE OF ACTION

(Violation of Florida Statute § 501.059)
(On Behalf of Plaintiff and the Florida Internal Do Not Call List Class)

71. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-47 above and incorporates them by reference as though fully set forth herein.

72. Florida Statute § 501.059(5) provides as follows:

> (5) A telephone solicitor or other person may not initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission:
>
> (a) Made by or on behalf of the seller whose goods or services are being offered; or
>
> (b) Made on behalf of a charitable organization for which a charitable contribution is being solicited.

73. The Defendants violated Florida Statute § 501.059 by initiating, or authorizing their agents to initiate on Defendants' behalf, one or more outbound telephone calls to Plaintiff, and to members of the Florida Internal Do Not Call List Class, after being informed that Plaintiff, and the

members of the Florida Internal Do Not Call List Class, that they did not wish to receive such calls. Defendant Yaldo, as the main decision maker, authorized the marketing and calling practices that resulted in the failure to maintain compliant lists and opt-out procedures.

74. The Defendants' conduct violated Florida Statute § 501.059(5).

75. Plaintiff and Florida Internal Do Not Call List Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute and up to $1,500 for each violation that was knowing or willful.

76. Plaintiff and Florida Internal Do Not Call List Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from making telephone calls that advertise its products and services to any person who has communicated to the Defendant that they do not wish to be called.

77. Plaintiff and the Florida Internal Do Not Call List Class members are also entitled to recover, and do seek to recover, their attorney's fees pursuant to § 501.059(11).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendants from making telephone calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B. Injunctive relief prohibiting Defendants from making telephone calls advertising their goods or services to any number on the Florida Do Not Call List in the future.

C. An order certifying this case as a class action pursuant to Rule 23, Federal Rules of Civil Procedure, on behalf of the Classes as defined herein; appointing Plaintiff as the representative of the Classes; and appointing Plaintiff's counsel as Class Counsel;

D. An order declaring that Defendants' actions, as set forth above, violate the TCPA;

E. An order declaring that Defendants' actions, as set forth above, violate Florida Statute § 501.059;

F. As a result of Defendants' negligent, willful and/or knowing violations of the TCPA, an award for himself and each member of the Classes as provided by statute, of no less than $500 and up to $1,500 for each and every violation of the TCPA, and Court costs jointly and severally against Lending Force, LLC and Marvin Yaldo;

G. As a result of Defendants' negligent, willful and/or knowing violations of the Florida Statute § 501.059, an award for himself and each member of the Classes as provided by statute, of no less than $500 and up to $1,500 for each and every violation, attorney's fees pursuant to § 501.059(11), and Court costs, jointly and severally against Lending Force, LLC and Marvin Yaldo;

H. Such other relief to Plaintiff and the Classes as the Court deems just and proper.

**<u>Jury Trial Demand</u>**

Plaintiff hereby demands trial by jury on all issues so triable as a matter of right.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other documents and communications associated with the allegations contained in this Complaint, including all records, lists, electronic databases, calling logs, and other documents and communications in the possession of any vendors, persons, or companies contracted, retained, or directed by either Defendant to assist in the sending of the calls alleged herein.

Respectfully submitted,

**THE MILIAN LEGAL GROUP, PLLC**

1395 Brickell Ave., Suite 800,
Miami, Florida 33131
T: 786-808-9736
david@lawmilian.com
elizabeth@lawmilian.com
pleadings@lawmilian.com
*By: /s/ David P. Milian*
David P. Milian, Esq.
Fla. Bar No. 844421
*Counsel for Plaintiff*